GREEVES & ROETHLER, PLC
BY: Scott L. Greeves, SBA #15761
2151 E. Broadway Road, Suite 115
Tempe, Arizona 85282
Phone (480) 422-1850  Fax (480) 696-5522
E-mail: scott@grattorneys.com

Attorney for Debtor(s)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| In re:<br><br>MELISSA PROBST<br><br>    Debtor(s). | Chapter 13<br><br>Case No. 2:18-bk-08529-PS<br><br>CHAPTER 13 PLAN<br><br>X    Original<br>☐    First, Second Amended<br>☐    First, Second Modified<br>☐    Plan payments include post-petition mortgage payments<br>☐    Flat Fee/Administrative Expense<br>X    Hourly Fee/Administrative Expense |

This Plan[1] includes the following (check all that are applicable):
  ☐ A limit on the amount of a secured claim, which may result in a partial payment or no payment to the secured creditor. See Section (C)(5)(b).
  ☐ Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest. See Section (C)(5)(c).
  X Nonstandard Provisions. See Section (H).

**Your rights may be affected by this Plan. Your claim may be reduced, modified or eliminated. If you object to the treatment of your claim as proposed in this Plan or to any provision of this Plan, you must file a written objection by the deadline set forth below. The Bankruptcy Court may confirm this Plan without further notice if no objection is filed and the order is approved by the Trustee. See Bankruptcy Rule 3015 and Local Rule 2084-13.**

---

1   "Plan" includes the original plan and any amended or modified plan.

Local Form 2084-4 (12/17)          Chapter 13 Plan          Page 1

This Chapter 13 Plan is proposed by the above Debtor.[2] The Debtor certifies that the information contained in this Plan is accurate. A creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan and serve copies on the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 14 days after the date set for the first meeting of creditors, or any continuation of such meeting, or 28 days after service of the Plan, whichever is later. See Local Rule 2084-9.

This Plan does not allow claims or alter the need for timely filing any claim. For a creditor to receive a distribution for an unsecured claim, the creditor must file a proof of claim with the Court.

If confirmed, the Plan will modify the rights and duties of the Debtor and creditors, except secured creditors will retain their liens until the earlier of payment of the underlying debt or Debtor's discharge under Code § 1328.[3] If the case is dismissed or converted to another chapter (for example, Chapter 7) without completion of the Plan, each lien shall be retained to the extent recognized by applicable nonbankruptcy law.

Pre-petition defaults will be cured using the interest rate set forth in the Plan or Code § 511, if applicable. Any ongoing obligation will be paid according to the terms of the Plan.

☐ This is an Amended or Modified Plan.

The reason(s) Debtor filed this Amended or Modified Plan: N/A.
Summarize how the Plan varies from the last Plan filed: N/A.

**(A) PLAN PAYMENTS AND PROPERTY TO BE SUBMITTED TO THE PLAN.**

**Plan payments start on August 17, 2018. The Debtor shall pay the Trustee as follows:**

  **$400.00 each month for month 01 through month 06.**
  **$610.00 each month for month 07 through month 60.**

  **Total plan yield will be $35,340.00**

  **The proposed plan duration is 60 months. The applicable commitment period is 36 months.** See Code Section 1325(b)(4). In addition to the plan payments and, if applicable, mortgage conduit payments, Debtor will submit the following property to the Trustee: NONE

  X  Nonstandard Provisions. See Section (H).

2  If this is a joint case, then "Debtor" means both Debtors.
3  "Code" means the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq*.

**(B) TRUSTEE'S PERCENTAGE FEE.**

The Trustee shall collect upon receipt a percentage fee from all plan payments (including mortgage payments) and property received, not to exceed 10%. See 28 U.S.C. § 586(e).

**(C) ADMINISTRATIVE EXPENSES AND ALL CLAIMS.**

(1) **Adequate protection and Mortgage Conduit Payments.**

Until the Court confirms the Plan, the Trustee will make adequate protection payments under Section (C)(1)(a) below, mortgage conduit payments under Section (C)(1)(b), if applicable, and pay other sums as ordered by the Court. Other disbursements will be made after the Court confirms the Plan. Unless otherwise provided for in Section (H) below, disbursements by the Trustee shall be *pro rata* within classes and made in the following order:

(a) **Adequate protection payments to creditors secured by personal property. Code § 1326(a)(1)(C).**

☐ None. If "None" is checked, the rest of Section (C)(1)(a) is not to be completed.

Pursuant to Local Rule 2084-6, the Trustee is authorized to make monthly pre-confirmation adequate protection payments to a secured creditor without a Court order, provided the claim is properly listed on Schedule D, a secured proof of claim is filed that includes documentation evidencing a perfected security agreement, and the Debtor or creditor sends a letter to the Trustee requesting payment. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, adequate protection payments will continue until the claim is paid in full, unless the confirmed Plan or a Court order specifies a different treatment. If a creditor disagrees with the amount of the proposed adequate protection payments or the Plan fails to provide for such payments, the creditor may file an objection to confirmation of this Plan and/or file a motion pursuant to Code §§ 362 or 363.
ADEQUATE PROTECTION:
**CREDITOR: Santander Consumer USA, Inc. d/b/a Chrysler Capital (Claim #1)**
**PROPERTY DESCRIPTION: 2015 Dodge Journey**
**COLLATERAL VALUE: $15,000.00**
**MONTHLY A.P. AMOUNT: $150.00**
**TOTAL ADEQUATE PROTECTION PER MONTH    $150.00**
X  Nonstandard Provisions. See Section (H).

(b) **Mortgage Conduit Payments.** NONE.

(2) **Administrative expenses.** See Code § 507(a)(2).

    (a) **Attorney fees.**

        Debtor's attorney has agreed to:

        ☐ A flat fee of $_____, of which $_____ was paid before the filing of the case (see Local Rule 2084-3);

        OR

        X File a fee application for payment of a reasonable amount of fees. The estimated amount of fees to be paid by the Trustee, subject to Court order, is $6,500.00, of which $0.00 (zero) was paid before the filing of the case.

    (b) **Additional Services.**

        All other additional services will be billed at the rate of $350.00 per hour for attorney time and $195.00 per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include all time expended in the case in the separate fee application.

    (c) **Other Professional Expenses.** NONE

(3) **Leases and Unexpired Executory Contracts.**

    ☐ None. If "None" is checked, the rest of Section (C)(3) is not to be completed.

Pursuant to Code § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with sums owing, the arrearage will be cured by periodic plan payments. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

    (a) **Assumed.**

        No interest will be paid on the pre-petition arrearage unless otherwise stated in Nonstandard Provisions at Section (H). A creditor identified in this paragraph may mail to the Debtor all

correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay.

| Creditor | Property Description | Estimated Arrearage Amt. | Arrearage Through Date |
|---|---|---|---|
| **IH6 Property Phoenix L.P.** | **Residential Lease** | **$0.00** | **N/A** |

☐ Nonstandard Provisions. See Section (H).

(b) **Rejected.** NONE.

(4) **Creditors with a Security Interest in Real Property.** NONE.

(5) **Claims Secured by Personal Property or a Combination of Real and Personal Property.**

☐ None. If "None" is checked, the rest of Section (C)(5) is not to be completed.

Claims under paragraphs (a) and (b) that are included in the plan payment will be paid concurrently and *pro rata*.

(a) **Unmodified Secured Claims.**

☐ None. If "None" is checked, the rest of Section (C)(5)(a) is not to be completed.

A claim stated in this subparagraph (i.e., 910 claims) will be paid in full under the Plan with interest at the rate stated below, which may vary from the contract interest rate. Unless otherwise ordered, the principal amount to be paid will be as stated in the creditor's proof of claim. The holder of a claim will retain the lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under Code § 1328, at which time the lien will terminate and shall be released by the creditor. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under Code § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with nonbankruptcy law.

| Creditor | Property Description | Estimated Amt. to be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|
| **Santander Consumer USA, Inc. d/b/a Chrysler Capital (Claim #1)** | **2015 Dodge Journey** | **$23,531.91** | **4.0%** |

    X  This debt has nonfiling codebtor(s) other than a spouse. Name(s) of other individual(s) liable: Debra Probst
Post-petition payments to be made by: X Trustee; or
☐ Nonfiling co-debtor.

☐ Nonstandard Provisions. See Section (H).

(b) **Modified Secured Claims.** NONE.

(c) **Lien Avoidance.** NONE.

(6) **Priority, Unsecured Claims, Other Than Debtor's Attorney Fees.**

   NONE.

(7) **Nonpriority, Unsecured Claims.**

Allowed unsecured, nonpriority claims shall be paid *pro rata* the balance of payments, if any, under the Plan. The amount to be paid or actually paid may differ from the Plan Analysis, depending on the Plan confirmation process and claims allowance.

X Nonstandard Provisions. See Section (H).

**(D)** **SURRENDERED PROPERTY.** NONE.

////

////

////

**(E) VESTING.**

Except as stated in this paragraph, property of the estate shall vest in the Debtor upon confirmation of the Plan.

X The following property shall vest in the Debtor upon Plan completion:

Description of Property

All wages of the Debtor(s) until the case is completed or dismissed and proceeds from the sale of real property until released to the Debtor by the written approval of the Trustee or by Court Order.

**(F) TAX RETURNS.**

While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within 14 days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: **N/A**

**(G) FUNDING SHORTFALL.**

Debtor will cure any funding shortfall before the Plan is deemed completed.

---

**(H) NONSTANDARD PROVISIONS.**

Any Nonstandard Provision included herein must not be inconsistent with the Code or Local Rules and must identify the provision of the Plan being modified, the proposed modification and the justification for the modification. Any Nonstandard Provision placed elsewhere in this Plan is void. The Debtor submits the following provisions that vary from Section (C) of the Local Plan Form:

☐ None. If "None" is checked, the rest of Section (H) is not to be completed.

☐ Provide the detail required above.

Nonstandard Provisions
[State the provision(s) with reference to relevant paragraph(s)]

**(A) Plan Payments and Property to be Submitted to the Plan.**

If at any time before the end of the sixty (60) month period all claims are paid, the plan shall terminate and the debtor shall be discharged, provided that the duration of the plan shall not be reduced to less than 36 months. If additional property, such as proceeds from the sale of

Debtors' property, is submitted to the Trustee, it shall be treated as supplemental payment, providing that the duration of the plan shall not be reduced to less than 36 months.

**Tax refunds shall not be submitted by the Debtor to the Trustee. Income from tax refunds has been provided for on line 8(h), Schedule I.**

DEBTOR MAY MAKE THE MONTHLY PLAN PAYMENTS BY CASHIER'S CHECK OR MONEY ORDER PAYABLE TO THE CHAPTER 13 TRUSTEE OR BY PAYROLL DEDUCTION. DEBTOR MUST WRITE THEIR NAME AND CHAPTER 13 CASE NUMBER ON EACH CHECK OR MONEY ORDER. PAYMENTS ARE ALSO ACCEPTED THROUGH WWW.TFSBILLPAY.COM

**(C)(1)(a) Adequate protection payments.**

Adequate protection payments shall be duly allowed as a lien and payable to the secured creditor in the event of dismissal or conversion of the case, after payment of Trustee's fees and costs, simultaneously with administrative expenses and attorney's fees. Adequate protection payments shall continue until such time as regular payments under the plan commence or until the secured creditor has been fully paid, whichever comes first.

**(C)(7) Unsecured Nonpriority Claims.**

Unsecured claims shall be paid the balance of payments under the plan, *pro rata*. Said amount may be increased and or decreased from the amount stated in the Plan should the secured and/or priority liabilities and/or attorney fees differ from that estimated. Any amounts unpaid shall be discharged.

---

**(I) PLAN SUMMARY.**

If there are discrepancies between the Plan and this Plan Analysis, the provisions of the confirmed Plan control.

(1) Trustee's compensation (10% of plan payments) . . . . . . . . . . . $3534.00
(2) Administrative expenses (C2) (estimated) . . . . . . . . . . . . . . . . $5000.00
(3) Leases and Executory Contracts (C3) . . . . . . . . . . . . . . . . . . . . N/A
(4)(a) Conduit Mortgage Payments (C4c) . . . . . . . . . . . . . . . . . . . N/A
(4)(b) Arrearage Claims Secured Solely by Real Property (C4c) . . . . N/A
(5)(a) Claims Secured by Personal Property or Combination of
    Real & Personal Property (C5) – Unmodified . . . . . . . . . . . . . $26,430.00
(5)(b) Claims Secured by Personal Property or Combination of

      Real & Personal Property (C5) - Modified . . . . . . . . . . . . . . . N/A
  (6)  Priority Unsecured Claims (C6) . . . . . . . . . . . . . . . . . . . . . . . . . N/A
  (7)  Unsecured Nonpriority Claims (C7) . . . . . . . . . . . . . . . . . . . . $376.00
  (8)  Total of Plan Payments to Trustee . . . . . . . . . . . . . . . . . . . . . $35,340.00

## (J) SECTION 1325 ANALYSIS.

(1)    Best Interest of Creditors Test:

        (a) Value of Debtor's interest in nonexempt property . . . . . . $91.00
        (b) Plus: Value of property recoverable under
            avoidance powers . . . . . . . . . . . . . . . . . . . . . . . . . . . N/A
        (c) Less: Estimated Chapter 7 administrative expenses . . . . . $22.75
        (d) Less: Amount to unsecured priority creditors . . . . . . . . . $0.00
        (e) **Equals**: Estimated amount payable to unsecured
            nonpriority claims if Debtor filed Chapter 7 . . . . . . . . . $68.25

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

(2)    Section 1325(b) Analysis: **NOT APPLICABLE**

        (a) Monthly disposable income under § 1325(b)(2),
        Form 122C-2, line 45 Statement of Current Monthly Income . . $
        (b) Applicable commitment period . . . . . . . . . . . . . . . . . . . . x 60
        (c) Total of Line (2)(a) amount x 60 . . . . . . . . . . . . . . . . . . $

(3) Estimated Payment to Unsecured, Nonpriority Creditors
Under the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $376.00

Certification by Debtor(s) and Attorney for Debtor(s): No changes were made to the Model Plan, other than the possible inclusion of relevant Nonstandard Provisions in Section (H).

_____      Dated: __8/20/__, 2018.
MELISSA PROBST, Debtor

GREEVES & ROETHLER, PLC

/s/ Scott L. Greeves
_____
Attorney for Debtor(s)

Local Form 2084-4 (12/17)      Chapter 13 Plan      Page 9