Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re | Chapter 13 |
|---|---|
| MELISSA J. PROBST, | Case No. 2-18-bk-08529-PS |
| | **TRUSTEE'S RECOMMENDATION** |
| Debtor. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

1. Debtor is to continue to file Business Operating Statements with the Court. Statements for September and October 2018 must be filed not later than December 10, 2018.

2. In addition to her salaried employment, Debtor is self employed as Melissa Probst Insurance Agency. Schedule B fails to list any accounts receivable from insurance sales and renewals. The Trustee requires that Schedule B be amended to include any accounts receivable due as of petition date. The Trustee also requires a copy of the Debtor's book of business report.

3. The Trustee requires copies of two recent and consecutive paystubs for salaried employment.

4. The Plan states that the Debtor shall not turn over tax refunds, as the refunds have been provided on Schedule I as regular income. It appears that an expected refund is prorated over a twelve month period at $350.00 per month, or $4,200.00 per year. The Trustee generally objects to the inclusion of refunds on Schedule I as they are speculative in nature. However, in this instance, the Trustee requires that the Debtor turn over all net tax refunds in excess of $4,200.00 per year for 2018 through 2022, to be applied a supplements to the Plan for the benefit of unsecured creditors.

5. Counsel places too many plan provisions in the Nonstandard Provisions of the Model Plan. One purpose of the Court's adoption of a Model Plan form is to minimize superfluous provisions to streamline review of the Plan by parties in interest. If counsel persists in placing excessive provisions in the Plans, the Trustee will objection to confirmation and get the Court to rule on the matter.

6. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(C) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(D) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(E) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(F) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(G) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2018 - 2022 federal and state income tax returns, including all attachments, forms, schedules and statements, within 14 days of filing them.

(H) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(I) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(J) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

- 3 -

1 **Pursuant to Local Rule 2084-10(b), the Debtor must provide the following by December 10, 2018, or the Trustee will file a notice of intent to lodge an order dismissing the case:**

(a) All information and documents as requested in Items #1, #2 and #3 above.

SUMMARY: Pursuant to Local Rule 2084-10(b), Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Copy mailed or emailed to:

Russell Brown
2018.11.08
13:40:39 -07'00'

MELISSA J. PROBST
7407 SOUTH 48TH DRIVE
LAVEEN, AZ 85339

SCOTT L. GREEVES
GREEVES & ROETHLER PLC
2151 EAST. BROADWAY ROAD., STE. 115
TEMPE, AZ 85282

Cheryl Turner
2018.11.08
14:00:19
-07'00'

_____

*cturner@ch13bk.com*

- 4 -